UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| DARRELL LEE FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-050 JD |
| | ) | |
| ELVA JAMES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case arises from a dispute in Indiana state court regarding child custody and support. Darrell Lee Ferguson, a *pro se* plaintiff, filed a complaint alleging claims under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. [DE 1, 2.] The initial complaint was stricken because it was confusing and lacking in detail; the Court directed Mr. Ferguson to file an amended complaint. [DE 4.] Mr. Ferguson did file an amended complaint [DE 5], after which the Court granted the IFP petition [DE 8].

Mr. Ferguson named five defendants in his amended complaint. His claims against three of them—Cynthia Garwood (the *guardian ad litem* in the state court proceeding), Donna Frank (a prosecutor in the Tippecanoe County Prosecutor's Office), and the State of Indiana—have already been dismissed. [DE 78.] Now before the Court is a motion to dismiss filed by the two remaining defendants, Elva James and Tracy Williams, both of whom appear to be employees in Indiana Child Protective Services offices. [DE 84.] They filed a *pro se* notice to Mr. Ferguson of their motion to dismiss, [DE 88], but Mr. Ferguson has not responded to the motion and the time to do so has passed.

For the reasons stated below, defendants' motion to dismiss is **GRANTED**. [DE 84.]

## I. Factual Background

Mr. Ferguson's claims arise out of state court proceedings related to child support payments and disputes regarding the custody of Mr. Ferguson's son. The allegations are more fully set forth in the Court's opinion granting the previous motions to dismiss. [DE 78.]

With respect to the remaining defendants, Mr. Ferguson's accusations are not clear. However, the Court has reviewed the amended complaint, as well as Mr. Ferguson's later filings, to attempt to determine what exactly Mr. Ferguson alleges that the Defendants did. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (plaintiff may elaborate on factual allegations in response to a Rule 12(b)(6) motion, so long as the new facts are consistent with the pleadings).

The heart of the allegations against Ms. James and Ms. Williams relate to a state court hearing on the issue of child custody that was held on October 7, 2011. Mr. Ferguson alleges that Ms. Garwood (the *guardian ad litem*) was directed to subpoena expert witnesses and other relevant witnesses for that hearing. [DE 5 at 2; DE 38-2 at 1.] Ms. Williams (a CPS worker in Tippecanoe County) and Ms. James (a CPS worker in Benton County), appeared and testified at the October 7 hearing. [DE 5 at 2–3.] According to Mr. Ferguson, Ms. Williams had not seen his son in about a year and a half and testified about "profoundly irrelevant" information [DE 5 at 2; DE 38-2 at 1]; Ms. James provided "uncooperative and irrelevant testimony." [DE 5 at 3.] Mr. Ferguson alleges that no other relevant witnesses appeared and no relevant questions were asked at the hearing. [DE 5 at 2.] Following that hearing, a no contact order was issued; the order directed that Mr. Ferguson was not to have any contact with his son "until the father has had a psychological evaluation and the guardian ad litem has made a recommendation." [DE 5 at 2; DE 38-2 at 2.]

Mr. Ferguson also alleges that Ms. Williams was responsible for a court order that allowed his step-daughter to have overnight visits with a man who sexually abused her. [DE 6 at 1.] Other allegations are made regarding actions taken by CPS workers [see DE 21 at 2] but Mr. Ferguson does not clarify whether he alleges those actions were taken by Ms. James or Ms. Williams, as opposed to some other employee who works for the agency.

Mr. Ferguson's remaining allegations do not relate to actions taken by the Defendants, but instead to their motivations for acting. He makes numerous allegations of conspiracy and omission of duty by those involved in the custody process. [DE 5 at 2–5; DE 38 at 2.] Based on these allegations, Mr. Ferguson requests damages of $700,000. [DE 5 at 3.]

## II. Standard of Review

Ms. James and Ms. Williams move to dismiss the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on these motions, the Court is cognizant that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court must decide whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.

R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted).

The Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (internal citations omitted). A plaintiff's claim, however, need only be plausible, not probable. *Indep. Trust Corp.*, 665 F.3d at 934 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough facts to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief is "a

4

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). Factual allegations, however, "that are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

### III.  Discussion

Mr. Ferguson brings his claims under 42 U.S.C. § 1983. Section 1983 gives federal courts the jurisdiction to hear lawsuits that allege violations of constitutional rights by persons acting under color of state law. However, there are limits to a court's ability to adjudicate actions under section 1983. "Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014).

It is unclear from the amended complaint whether Mr. Ferguson is suing Ms. James and Ms. Williams in their official or individual capacities. Because of Mr. Ferguson's *pro se* status, the Court liberally construes the complaint to include both official and individual claims. Each type of claim, however, has legal insufficiencies requiring its dismissal. They are addressed, in turn, below.

#### A.     **Official Capacity**

Both Ms. James and Ms. Williams raise two discrete arguments in support of dismissing any official capacity claims against them. [DE 85 at 4–5.] They argue that—by virtue of their status as state officials—they enjoy sovereign immunity under the Eleventh Amendment and are not "persons" as defined under section 1983. [*Id.*] The Court starts with the second argument and finds that it justifies dismissal of any official capacity claims against Ms. James or Ms. Williams.

A state official acting in her official capacity is not a "person" under section 1983 for the purposes of a claim for damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)); *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140 (7th Cir. 1999) (citing *Will*).

"Whether a particular official is the legal equivalent of the State itself is a question of that State's law." *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). The Indiana Department of Child Services is a state agency, created by the Indiana state legislature. *See* Ind. Code § 31-25-2. Indiana law explicitly allows the director to "employ necessary personnel to carry out the department's responsibilities." *Id.* at § 31-25-2-2. Under the circumstances, the Court finds that Ms. James and Ms. Williams are state officials and thus not subject to suit for monetary damages in their official capacities under section 1983. *Bouskill v. Ind. Dept. of Child Servs.*, No. 3:11-cv-473-RLM, 2013 WL 6199230, at *1 (N.D. Ind. Nov. 26, 2013) (Department of Child Services caseworker not subject to suit in official capacity under section 1983); *see also McCrum v. Elkhart Cnty. Dept. of Public Welfare*, 806 F. Supp. 203 (N.D. Ind. 1992) (finding that because welfare department is state agency, employees of the welfare department are state officials for the purposes of section 1983).

Because this argument is dispositive, the Court need not consider the defendant's argument regarding sovereign immunity. *See Mercado v. Dart*, 604 F.3d 360, 361–62 (7th Cir. 2010) (statutory rule that a state is not a "person" under section 1983 "makes it unnecessary and inappropriate to consider what limits the eleventh amendment would create.").

Accordingly, any claims against Ms. James and Ms. Williams in their official capacity are **DISMISSED WITH PREJUDICE**.

**B.     Individual Capacity**

With respect to any claims brought against Ms. James and Ms. Williams in their individual capacity, the defendants argue that the claims should be dismissed because the complaint fails to satisfy the requirements of Rule 8 since it fails to state a plausible claim for relief. [DE 85 at 2–4.] Again, the Court agrees. Mr. Ferguson's primary allegations against Ms. James and Ms. Williams are that they testified at a hearing, after which a no contact order was issued. [DE 5 at 2–3.] Notably, he does not allege what information was actually contained in their testimony or anything about the hearing itself. Nor does Mr. Ferguson allege that the testimony was false. Instead, he merely says in a conclusory way that the testimony was "irrelevant" and at times "uncooperative." [*Id.*] And he alleges that it "influenced" the decision to issue a no-contact order. [*Id.*]

The Court cannot glean from the mere fact that witnesses provided testimony with which Mr. Ferguson disagreed that he has been deprived of a federally-guaranteed right under color of state law. Rather, Mr. Ferguson's allegations establish nothing more that Ms. James and Ms. Williams testified, as either requested or subpoenaed, at a hearing. That Mr. Ferguson was unhappy with the end result of the hearing is clear, but that alone does not raise the testimony to the level of a constitutional violation. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Buie v. McAdory*, 341 F.3d 623, 625 (7th Cir. 2003) (affirming denial of habeas petition; "That a witness may give false or mistaken testimony therefore is not an independent constitutional violation."); *Graham v. Henderson*, 897

F. Supp. 1157, 1159 (N.D. Ind. 1994) ("If in a criminal case a police officer cannot be charged under 42 U.S.C. § 1983 with a constitutional violation for giving even false testimony before a grand jury or in a criminal trial, then it is highly doubtful that a correctional officer can be charged with a constitutional violation simply for giving information, even erroneous information, in a [disciplinary] proceeding.").

Even giving him the benefit of relaxed pleading standards in light of his *pro se* status, the Court finds Mr. Ferguson's individual capacity claims facially implausible. They are, therefore, **DISMISSED WITHOUT PREJUDICE**.

### IV. Conclusion

Each of the remaining allegations in Mr. Ferguson's amended complaint fail to state a claim on which relief can be granted. Accordingly, the Motion to Dismiss is **GRANTED**. [DE 84.] Mr. Ferguson's claims against Elva James and Tracy Williams (in their official capacities) are **DISMISSED WITH PREJUDICE**. Mr. Ferguson's claims against Elva James and Tracy Williams (in their individual capacities) are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED:  February 20, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court